## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALDIMIR YUKHA, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.  10-5239 |
| | : | |
| MICHAEL J. ASTRUE, Commissioner of | : | |
| Social Security, | : | |
| | : | |
| Defendant. | : | |

FILED

FEB 2 8 2012

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

DuBOIS, J.                                                    February 27, 2012

### M E M O R A N D U M

## I.    INTRODUCTION

In this action, plaintiff Vladimir Yukha (incorrectly identified in the caption of the Complaint as "Valdimir Yukha") seeks review of the final decision of the Commissioner of Social Security ("the Commissioner" or "defendant") denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  The Court referred the case to United States Magistrate Judge Lynne A. Sitarski.  Judge Sitarski issued a Report and Recommendation ("R & R") on November 10, 2011, advising the Court to grant plaintiff's Request for Review and remand the case to defendant for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

Presently before the Court are Defendant's Objections to the Magistrate Judge's Report and Recommendation.  The Court approves and adopts the R & R in full and writes only to explain its decision to overrule defendant's Objections.

-1-

## II.   BACKGROUND

The background of this case is set forth in detail in the R & R and will be recited in this Memorandum only as necessary to address defendant's Objections.

### A.   Plaintiff's History

Plaintiff is sixty-one years old.  (See Administrative R. ("Tr.") 1.)  He attended high school in Kazakhstan, (id. at 14, 22), and moved to the United States in 1991, (Pl.'s Br. & Statement Issues Supp. Req. Review 2).  He worked at a clothing store from 1997 to 2007, where he unloaded trucks, sorted merchandise, cleaned bathrooms, and did "small electrical jobs."  (Id.) He is separated from his wife but lives in the basement of her home.  (Tr. 24.)

Plaintiff alleges that he is disabled due to chronic obstructive pulmonary disease, degenerative joint disease, hypertension, coronary artery disease, dyspnea, tongue cancer, blindness in his right eye, and depression.  (Id. at 107.)  In his application for benefits, plaintiff asserted that those conditions render him unable to work because they cause difficulty with, inter alia, "swallowing, eating, weight loss, remember[ing], . . . lift[ing] heavy things, concentrat[ion], [and] sleep" and make him "irritable."  (Id.)  The R & R recounts medical evidence related to these alleged ailments.

### B.   Procedural History

Plaintiff filed for DIB and SSI on April 22, 2009, alleging that he was disabled as of July 1, 2007.  Defendant denied plaintiff's applications on November 5, 2009.  (R & R 2.)  Plaintiff requested an administrative hearing, which took place on March 31, 2010.  (Id.)  Plaintiff testified at the hearing with the assistance of a Russian-language interpreter, and a vocational expert also testified.

On April 15, 2010, the ALJ issued her decision that plaintiff was not entitled to DIB or SSI. (Id.) The ALJ found that plaintiff had several severe impairments: chronic obstructive pulmonary disease, hypertension, carpal tunnel syndrome, a history of tongue cancer, a history of degenerative joint disease, depression, anxiety, and alcohol abuse. (Tr. 12.) Plaintiff's examining physician, Dr. Yelena Yachmenyova, and a consulting physician, Dr. Theodore Waldron, both opined that plaintiff was capable only of light work, (id. at 32-33), but the ALJ rejected both opinions as unsupported by the evidence in the record, (id. at 13). The ALJ concluded instead that plaintiff had the residual functional capacity ("RFC") to perform medium unskilled work, including his past relevant work as a "stores laborer." (Id. at 14.) The Appeals Council denied plaintiff's request for review on September 24, 2010, and plaintiff filed his Complaint in this Court on October 6, 2010.

      C.      <u>Magistrate Judge Sitarski's R & R</u>

Magistrate Judge Sitarski submitted her R & R on November 10, 2011. Based on her conclusion that the ALJ's findings are not supported by substantial evidence, Judge Sitarski recommended remanding the case to defendant for reconsideration. In particular, Judge Sitarski concluded that the ALJ (1) provided insufficient justification for rejecting Dr. Waldron's opinion, (2) failed to consider evidence relevant to plaintiff's mental impairments, and (3) because of these shortcomings, must reevaluate her findings regarding plaintiff's RFC and ability to perform his past relevant work. Defendant filed timely Objections to the R & R, and plaintiff filed a Response.

**III.    STANDARD OF REVIEW**

Under the Social Security Act, a claimant is disabled if he is unable to engage in "any

substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to . . . last for a continuous period of not less than twelve (12)

months." 42 U.S.C. § 423(d)(1)(A); see also 20 C.F.R. § 404.1505. The Commissioner uses a

five-step analysis to evaluate disability claims. This requires the Commissioner to consider, in

sequence, whether a claimant: (1) is currently employed; (2) has a severe impairment; (3) has an

impairment that meets or equals the requirements of a listed impairment; (4) can perform past

relevant work; and (5) if not, can perform other work in view of his age, education, and work

experience. 20 C.F.R. § 404.1520; see also Williams v. Sullivan, 970 F.2d 1178, 1180 (3d Cir.

1992).

   The claimant bears the initial burden of proving the existence of a disability. 42 U.S.C.

§ 423(d)(5). To satisfy this burden, a claimant must establish an inability to return to his former

work. Once the claimant makes this showing, the burden of proof shifts to the Commissioner to

show that the claimant, given his age, education, and work experience, has the ability to perform

specific jobs that exist in the economy. Rossi v. Califano, 602 F.2d 55, 57 (3d Cir. 1979).

   Judicial review of the Commissioner's final decision is limited. This Court reviews the

Commissioner's final decision to determine whether it applies the correct legal standards and is

supported by substantial evidence. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999); Przegon

v. Barnhart, No. 04-5313, 2006 WL 562966, at *2 (E.D. Pa. Mar. 6, 2006). "Substantial

evidence 'does not mean a large or considerable amount of evidence, but rather such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v.

Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565

(1988)). "Substantial evidence is more than a mere scintilla, but may be less than a

-4-

preponderance." Przegon, 2006 WL 562966, at *2. "To determine whether a finding is supported by substantial evidence, [the Court] must review the record as a whole." Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (citations omitted).

A district court makes a de novo determination of those portions of a magistrate judge's R & R to which objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see also Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

## IV.   DISCUSSION

Defendant argues in his Objections that remand is unwarranted. In particular, defendant asserts that the ALJ (1) appropriately rejected Dr. Waldron's opinion, (2) sufficiently evaluated plaintiff's mental impairments, and (3) does not need to reconsider plaintiff's past relevant work. The Court addresses each objection in turn.

### A.   Rejection of Dr. Waldron's Opinion

Defendant contends that the ALJ properly rejected Dr. Waldron's opinion regarding plaintiff's ability to work. In her denial of benefits, the ALJ wrote:

> [Dr. Waldron] reported that [plaintiff] can perform light work. However, . . . it is unclear why this doctor opined these limitations because [his report] notes only that [plaintiff] has cataracts, left carpal tunnel syndrome and history of tongue cancer. Based on this explanation, the RFC of light is not supported and the opinion of this non-treating, non-examining source is given no weight.

(Tr. 13.) Judge Sitarski pointed out in her R & R, however, that in addition to the conditions noted by the ALJ, Dr. Waldron "also reported evidence of high blood pressure, [chronic obstructive pulmonary disease], and degenerative joint disease." (R & R 13.) Judge Sitarski

found "[t]he ALJ's failure to acknowledge [those disorders' presence] particularly concerning because those impairments could reasonably support the light work limitations which the physician identified, but the ALJ rejected." (Id.) Judge Sitarski thus recommended remanding the case to the Commissioner for the ALJ to "reconsider and explicitly discuss the weight to be applied" to Dr. Waldron's opinion. (Id. at 15.)

Defendant argues that the ALJ's analysis of this issue does not require remand. First, defendant contends that Dr. Waldron merely noted plaintiff's subjective complaint of degenerative joint disease, rather than recording objective evidence that plaintiff had the disease. (Def.'s Objs. 2.) Second, defendant argues that Dr. Waldron's notations that plaintiff had high blood pressure and chronic obstructive pulmonary disease "do not undermine the ALJ's decision—as they still fail to explain [Dr. Waldron's] opinion that [p]laintiff could perform only light work." (Id. at 3.)[1]

The Court overrules defendant's objection regarding the ALJ's handling of Dr. Waldron's opinion. "When a conflict in the evidence exists, the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'" Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (quoting Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993)). As the R & R recognizes, the ALJ ignored Dr. Waldron's statement that "[t]he medical evidence establishe[d] a medically determinable impairment" of degenerative joint disease, high blood pressure, chronic obstructive pulmonary disease, tongue cancer, and vision problems. (Tr. 275.)

---

[1] Defendant also objects to statements in the R & R regarding the ALJ's decision not to seek additional medical evidence upon finding Dr. Waldron's report "unclear." The Court rejects this argument, as the R & R merely makes the appropriate observation that the ALJ could have considered seeking additional medical evidence. Contrary to defendant's assertion, the R & R does not state that the ALJ was required to seek such evidence.

The ALJ rejected Dr. Waldron's report based on that misreading. (See id. at 13 ("[Dr. Waldron] notes only that the claimant has cataracts, left carpal tunnel syndrome and history of tongue cancer. Based on this explanation, the RFC of light is not supported . . . . " (emphasis added).) That Dr. Waldron actually reported that plaintiff had degenerative joint disease, chronic obstructive pulmonary disease, and high blood pressure buttresses his opinion that plaintiff could conduct only light work. Thus, on remand, the ALJ should reconsider the proper weight to be given to Dr. Waldron's opinion.

      B.      Reconsideration of Plaintiff's Mental Impairment

Defendant also objects to Judge Sitarski's conclusion that the case should be remanded because the ALJ failed to discuss evidence related to plaintiff's mental impairments. The ALJ discussed Dr. Yachmenyova's observations of plaintiff's mental state and some records from Bustleton Mental Health Institute ("BMHI"), where plaintiff was treated between June 2009 and March 2010. (Tr. 13.) She then concluded that there was "nothing . . . to indicate that [plaintiff] is not able to perform unskilled work tasks." (Id.)

Judge Sitarski concluded that this finding is not supported by substantial evidence because the ALJ failed to discuss several additional pieces of evidence showing that plaintiff may not have been able to perform unskilled work. Among these were the repeated statement in plaintiff's BMHI treatment records that he had impaired impulse control, memory, concentration, and attention, (see Tr. 304-78); a Mental RFC Assessment Form completed by state agency psychologist Paul Taren, (see id. at 293-95); and an evaluation in which plaintiff's psychiatrist at

BMHI assigned him a Global Assessment of Functioning ("GAF") score of 55,[2] (see id. at 266).
Judge Sitarski thus recommended remanding the case for the ALJ to "fully consider evidence of
[p]laintiff's mental impairments and address whether further work[-]related limitations are
present." (R & R 23.)

Defendant objects to this recommendation.  Defendant argues first that, although the ALJ
did not discuss Dr. Taren's opinion, the ALJ's conclusion is nonetheless consistent with Dr.
Taren's recommendation. (Def.'s Objs. 8-9.)  Moreover, defendant asserts that the ALJ's failure
to discuss plaintiff's GAF score does not warrant remand.  (Id. at 10-11.)

The Court rejects both of these arguments.  An ALJ must provide "not only an expression
of the evidence [she] considered which supports [her] result, but also some indication of the
evidence which was rejected.  In the absence of such an indication, the reviewing court cannot
tell if significant probative evidence was not credited or simply ignored." Cotter v. Harris, 642
F.2d 700, 705 (3d Cir. 1981).  Moreover, the ALJ must "provide some explanation for a rejection
of probative evidence which would suggest a contrary disposition." Adorno v. Shalala, 40 F.3d
43, 48 (3d Cir. 1994).

In this case, Dr. Taren's report and the GAF score—along with the other mental health
evidence the ALJ failed to discuss—may "suggest a contrary disposition" of plaintiff's claims for
DIB and SSI.  On the present state of the record, it is impossible to know whether the ALJ
considered and rejected that evidence or simply ignored it.  On remand, the ALJ must discuss

---

[2]A GAF score of 55 corresponds to a finding that plaintiff had moderate symptoms of
mental impairments (e.g., flat affect and circumstantial speech, occasional panic attacks) or
moderate difficulty in social, occupational, or school functioning. Diagnostic and Statistical
Manual of Mental Disorders 32 (4th ed. 2000).

that evidence and, if she rejects it, explain why she has done so.

Defendant argues that Dr. Taren's assessment, which the ALJ did not mention, is not necessarily inconsistent with unskilled work. Unskilled work is "work that needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568. However, Dr. Taren evaluated plaintiff as "moderately limited" in his "ability to maintain attention and concentration for extended periods" and his "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (Id. at 293-94). Particularly in combination with other evidence the ALJ did not discuss—including BMHI physicians' consistent findings that plaintiff was impaired in impulse control, memory, concentration, and attention—Dr. Taren's report conflicts, at least in part, with the ALJ's conclusion, and the ALJ was required to address it.[3]

Defendant also argues that the ALJ's failure to discuss plaintiff's GAF score does not warrant remand. In some cases, where GAF scores were not accompanied by other evidence of impairment, courts have not required ALJs to discuss them. See, e.g., Gilroy v. Astrue, 351 F. App'x 714, 716 (3d Cir. 2009). In this case, however, plaintiff's GAF score of 55 is just one piece of mental health evidence among several that the ALJ failed to address. The Court thus rejects this argument.

---

[3]The ALJ is not precluded from finding on remand that Dr. Taren's assessment is consistent with a finding that plaintiff can conduct unskilled work. (See Tr. 295 (reporting that plaintiff generally communicates clearly, can make simple decisions, and can "carry out short and simple instructions").) However, the ALJ's failure to make any mention of this highly probative evidence "makes it impossible for [the Court] to review the ALJ's decision." Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001).

The Court overrules defendant's objection with respect to plaintiff's mental impairments. Because the ALJ did not address Dr. Taren's report, plaintiff's GAF score, or other evidence that plaintiff's mental impairments might preclude him from conducting unskilled work, the Court remands the case for reconsideration as set forth in the R & R.

      C.     Reconsideration of Plaintiff's Past Relevant Work

Finally, defendant objects to Judge Sitarski's recommendation that, given the shortcomings in the ALJ's analysis, the ALJ should reconsider on remand plaintiff's ability to perform his past relevant work. This objection rests on defendant's assumption that the ALJ properly evaluated the medical evidence in this case. As stated above, however, the ALJ's analysis of the medical evidence requires further evaluation and explanation. Upon such reevaluation, the ALJ may make new findings that affect her determination regarding past relevant work. Thus, the ALJ should reconsider her past-relevant-work conclusion on remand, and defendant's objection on this issue is overruled.

**V.    CONCLUSION**

For the foregoing reasons, defendant's Objections are overruled and the R & R is approved and adopted. Plaintiff's Request for Review is granted to the extent it seeks remand and denied in all other respects. The matter is remanded to the Commissioner for further proceedings consistent with Magistrate Judge Sitarski's R & R dated November 10, 2011, pursuant to the fourth sentence of 42 U.S.C. § 405(g). An appropriate Order follows.